UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANNA SMITH** | * | **CIVIL ACTION: 14-1150** |
| | * | |
| **VERSUS** | * | **SECTION: "B"** |
| | * | |
| **ANTHONY L. WHITE, ET AL** | * | **MAGISTRATE: 3** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO
ALLOW PROPOUNDING OF INTERROGATORIES
IN EXCESS OF 25 AS ALLOWED BY FRCP 33(a)(1) AND LR 33.1
WITH CONSENT SOUGHT BUT NOT OBTAINED**

**MAY IT PLEASE THE COURT:**

This memorandum is presented on behalf of The Plaintiff, Anna Smith, who seeks leave from this Honorable Court to propound to the defendant, GEICO Indemnity Company ("GEICO"), interrogatories in excess of the number allowed by both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana.  For the following reasons, plaintiff's motion for leave is well founded and good cause is shown for granting plaintiff's motion, and plaintiff respectfully requests that her Motion be granted.

**FACTUAL SUMMARY**

Plaintiff is the insured of the defendant, GEICO Indemnity Company.  The defendant originally offered plaintiff twenty thousand dollars to settle her damage claims against the defendant.  The defendant later revoked the offer and offered the plaintiff five thousand dollars to settle her damage claims against them.  Later, a third offer for twelve thousand five hundred was offered to settle her damage claims against the defendant.  The plaintiff refused the offers and demanded a tender for the defendant, GEICO.  GEICO refused the

tender and the plaintiff filed an amending petition claiming arbitrary and capricious actions towards her by her own insurer.

Upon information and belief, The Plaintiff believes that the defendant had all of their information before the twenty thousand dollar offer was made and they is no valid reason and/or any new evidence that the defendant obtained for it to withdraw its' twenty thousand dollar offer to their insured, Anna Smith.

The Plaintiff seeks to discover all information the defendant has on file, why, when it obtained such information, how long it has it, what information was used in determine the value of the case, which information was used to revoke the offer and the defendant's reasoning for submitting three different offers to the plaintiff without submitting a tender.

Because plaintiff's interrogatories exceed the number allowed by the rules of civil procedure and the local rules, plaintiff files this Motion for Leave seeking to propound interrogatories upon defendant as set forth in Exhibit "P-1".

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 26(b) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties **may obtain discovery regarding** any nonprivileged matter that is relevant to any party's claim **or defense** – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(c). (Emphasis added)

Furthermore, Rule 33(a)(2) provides that an interrogatory may relate to any matter

that may be inquired into under Rule 26(b).  Therefore, based on the plain language of Rule 26(b), plaintiffs are entitled to discover facts and evidence from defendants regarding their defenses.

>Rule 33(a)(1), however, limits the number of interrogatories a party may propound:

>(1)  Unless otherwise stipulated or ordered by the court, a party may serve on any other party **no more than 25 written interrogatories**, including all discrete subparts.  Leave to serve additional interrogatories **may be granted** to the extent consistent with Rule 26(b)(2).

>In addition to Rule 33(a)(1), in reiterating the mandates of Rule 33, Local Rule 33.1 states:

>"Before serving more than 25 interrogatories, the discovering party must file a motion for leave setting forth the proposed additional interrogatories and the reasons for their use."

>As set forth above and in Rule 26(b)(2)(A), the court by order may alter the limits of these rules on the number of depositions and **interrogatories** or on the length of depositions under Rule 30.

The purpose of these interrogatories is to discovery facts and evidence of why the defendant offered a settlement of twenty thousand dollars, withdrew the offer, offered two more additional amounts and why they did not make a tender to the plaintiff in this matter. Because there are four subparts to every interrogatory of why, what, how and when the defendant had the information, it is impossible to comply with the mandates of Rule 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the Eastern District of Louisiana, which prohibit the propounding of interrogatories in excess of 25, since there must be four separate subparts of a single interrogatory, the interrogatories would exceed the statutory limits of interrogatories.

Therefore, good cause for the use of the interrogatories set forth in Exhibit "P-1" is shown.

## CONCLUSION

Considering the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana, and for the reasons set forth in this memorandum, plaintiff believes her motion is well founded, and respectfully request that this Court grant her leave to propound upon defendant interrogatories in excess of the maximum number allowed, as set forth in Exhibit "P-1".

Respectfully submitted:

| | |
|---|---|
| THE GLENDENING LAW FIRM, LLC | CERTIFICATE OF SERVICE |
| __/s/ Scott Glendening_____ | |
| SCOTT GLENDENING, Bar No: 28049 | I hereby certify that a copy of the |
| 1704 N. Starrett Rd. | foregoing has been served on all counsel, |
| Metairie, LA. 70003 | Kevin O'Bryon and Alex Cobar via email |
| Telephone:(504)467-3721 | and/or the CM./ECF system on August 22, 2014. |
| Fax::(504)467-0672 | |
| E-Mail: Sglendening@hotmail.com | ___/s/ Scott Glendening_____ |
| Attorney for Plaintiff | |