```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**ANNA SMITH**                                                **CIVIL ACTION**

**VERSUS**                                                    **NO. 14-1150**

**GEICO INDEMNITY CO.**                                       **SECTION "B"(3)**

                          <u>ORDER AND REASONS</u>

<u>**Nature of Motion and Relief Sought**</u>:

    Before the Court is Plaintiff Anna Smith's Motion to Remand and corresponding request for costs (Rec. Doc. 6). Defendant GEICO Indemnity Company[1] filed a memorandum in opposition, and Smith filed a memorandum in reply. (Rec. Docs. 9 & 15).

    It is **ORDERED** that the Motion to Remand be **GRANTED;** the request for costs be **DENIED;** and this case be **REMANDED** to the Civil District Court for the Parish of Orleans.

<u>**Procedural History and Facts of the Case**</u>:

    Anna Smith ("Smith" or "Plaintiff") filed the instant suit against various defendants in the Civil District Court for the Parish of Orleans on February 9, 2011 claiming damages from a January 2011 motor vehicle accident in St. Tammany, Louisiana. (Rec. Doc. 4-1 at 64). The only remaining defendant presently before the Court is GEICO Indemnity Company ("GEICO"), who was Smith's "underinsurance insurer." (Rec. Doc. 4-1 at 47 & 65).

---

[1] Incorrectly named in some filings as GEICO Insurance Company.

Parties do not dispute that Smith's policy is limited to $25,000 in recovery from GEICO.[2] However, Smith additionally argues GEICO "fail[ed] to pay the amount due to its insured" and failed to "fulfill its duty of good faith and fair dealing" pursuant to La. R.S. 22: 1892 et. seq. and La. R.S. 22:1973 et. seq. As a result, Smith makes claims for additional penalties and attorney's fees. (Rec. Doc. 4-1 at 47, 50-51, & 65).

GEICO removed the suit to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Rec. Doc. 6 at 1). Smith subsequently filed the instant motion to remand – claiming the amount in controversy requirement is not met – and moved for costs and expenses, including attorney's fees, pursuant to 28 U.S.C. § 1447(c). (Rec. Doc. 6).

**Relevant Law:**

### A. Removal Jurisdiction

Removal is only proper where a case could have originally been brought in federal court sufficient to establish federal jurisdiction. 28 U.S.C. § 1441(a). A case must be remanded "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

---

[2] Although GEICO spends much of their briefing detailing the alleged injuries suffered by Smith and their likely medical cost, GEICO never disputes the fact that the policy limits recovery to $25,000. Indeed, GEICO states "Smith correctly notes the $25,000.00 UM coverage limit of liability provided by the GEICO policy is potentially at risk to compensate Smith for damages due to the fault of an un- or underinsured motorist" and further references "GEICO Indemnity's $25,000.00 UM policy limit." (Rec. Doc. 9 at 5, 9).

2

Federal diversity jurisdiction exists when (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and (2) there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a). Jurisdictional facts must be judged as they were at time of removal. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

### B. Amount in Controversy

Under Louisiana law, Plaintiffs are prohibited from petitioning in state court for a specific monetary amount of damages. La. Code Civ. Proc. Ann. art. 893. "When a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, a "more likely than not" standard is applied. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (1995). The preponderance burden forces the defendant to produce evidence of the actual amount in controversy and "do more than point to a state law that *might* allow the plaintiff to recover more than what is pled." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (1995). Ambiguities are construed in favor of remand. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

3

Amount in controversy is determined by analyzing (1) whether "it is 'facially apparent' that the claims exceed the jurisdictional amount," or through (2)"'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253.

Where an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, federal jurisdiction is improper – even where a claimant seeks more than the policy limit. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). However, "if a state statute provides for attorney's fees, such fees are included as part of the amount in controversy." *Manguno*, 276 F.3d at 723. "In addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages — just not interest or costs." *St. Paul*, 134 F.3d at 1253.

**Analysis:**

### A. Motion to Remand

The GEICO policy at issue limits Smith's recovery under the policy to $25,000. For amount in controversy purposes, we add to that amount Smith's claims for statutory penalties and attorney's fees.

4

Smith has pled for penalties and fees under La. R.S. 22:1892[3] and La. R.S. 22:1973.[4] Under § 1892, if GEICO failed to "pay the amount of any claim due [Smith] within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest", and such failure was "arbitrary, capricious, or without probable cause," GEICO would be subject, in addition to the amount of loss, to "fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater." La. Rev. Stat. Ann. § 22:1892. Because the policy caps the amount due from GEICO to Smith at $25,000, the maximum penalty that could be imposed on GEICO under § 1892 would be $12,500 – bringing the amount in controversy to $37,500.

Under § 1973, if GEICO "[f]ail[ed] to pay the amount of any claim due [Smith] by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause," GEICO would be subject to, in addition to any damages for breach of the imposed duty of good faith and fair dealing, penalties "in an amount not to exceed two times the damages

---

[3] La. R.S. 22:1892 was "[r]enumbered from R.S. 22:658 by Acts 2008, No. 415, § 1, eff. Jan. 1, 2009." La. Rev. Stat. Ann. § 22:1892.

[4] La. R.S. 22:1973 was "[r]enumbered from R.S. 22:1220 by Acts 2008, No. 415, § 1, eff. Jan. 1, 2009." La. Rev. Stat. Ann. § 22:1973

sustained or five thousand dollars, whichever is greater." La. Rev. Stat. Ann. § 22:1973. Unlike § 1892 where the penalties are calculated based on amount due to the insured under the insurance contract, penalties under § 1973 are determined with reference to the amount of § 1973 damages only. *Durio v. Horace Mann Ins. Co.*, 74 So. 3d 1159, 1170 (La. 2011). Smith fails to quantify the damages sustained by GEICO's alleged violation of § 1973 for good faith and fair dealing, rendering the potential recovery ambiguous. Where no amount is stated, courts typically impose the alternate $5,000 penalty. *Pride v. Am. Sec. Ins. Co.*, 2003 WL 1618566 at *2 (E.D. La. 2003). Here, GEICO fails to offer any facts in controversy that allow the Court to quantify the § 1973 damages at issue higher than the $5,000 figure. Accordingly, the Court adopts that figure for amount in controversy purposes. *Gelvin v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 1354855 at *3 (E.D. La. 2012). When added to $37,500, the amount in controversy increases to $42,500.

Lastly, Smith has prayed for recovery of attorney's fees "pursuant to, but not limited to, La. R.S.1892, et. seq. and La. R.S. 22:1973." (Rec. Doc. 4-1 at 51). Smith cannot recover fees under both statutes – only the statute offering the higher amount of recovery. *See Calogero v. Safeway Ins. Co. of Louisiana*, 753 So. 2d 170, 174 (La. 2000). Only a reasonable estimate of attorney's fees may be considered in assessing the

6

amount in controversy. *Coburn v. Int'l Paper Co.,* 2013 WL 4776481 at *2 (W.D. La. 2013); Wright, Miller & Cooper, Federal Practice and Procedure § 3712 (4th ed.).

GEICO argues that Smith's counsel has devoted "substantial time and effort" in the form of twenty pleadings filed in state court and attended "at least eight [] depositions during the more than three years that the case was pending in the state court prior to removal." (Rec. Doc. 9 at 6.) In opposition, Smith argues that "95% of all discovery and all eight depositions were taken before the defendant was part of this legal action" one year ago. (Rec. Doc. 15 at 3). Smith's counsel asserts that attorney's fees currently total $6,000. *Id.*

If Smith obtained maximum recovery of $25,000 for the policy, plus $17,500 in penalties, the Court would have to award more than $32,500 in attorney fees to meet the $75,000 jurisdictional requirement. Such a substantial fee – more than a 75% fee on the $42,500 recovered – is highly unlikely. The standard rate for such actions is normally only 1/3 of the recovery. *Washington v. Liberty Mut. Fire Ins. Co.*, 2012 WL 3096046 at *3 (W.D. La. July 30, 2012) (Magistrate Judge Hill).

GEICO attempts to establish that the requested attorney's fees, if awarded, are likely to push the amount in controversy above the jurisdictional amount. In support, GEICO cites four different attorney's fee awards under the Louisiana insurer

7

penalty statute ranging from $47,139.93 to $226,266.67. (Rec. Doc. 9 at 7). However, these figures are misleading as they do not take into account the percentage of the fee award in relation to the damages recovered. Indeed, upon further inspection, each case cited by GEICO included a higher verdict amount than the $25,000 at issue here, and resulted in a significantly lower percentage of attorney's fees awarded than would be required here to meet the jurisdictional minimum in this case. *See Degruise v. Houma Courier Newspaper Corp.,* 683 So. 2d 689, 694 (La. 1996) (approving 10% of the damages award for reasonable attorney fees); *Lewis v. State Farm Ins. Co.*, 946 So. 2d 708, 730 (La. Ct. App. 2006) (approving $59,000 fee award following verdict in excess of $200,000); *Fuqua v. Aetna Cas. & Sur. Co.*, 542 So. 2d 1129, 1133 (La. Ct. App. 1989) (approving $100,000 fee following recovery in excess of $500,000); *Leland v. Lafayette Ins. Co.*, 77 So. 3d 1078, 1086 (La. Ct. App. 2011) (approving "thirty-three and one-third percent" fee). The cases were also far more complex than the matter at hand.

GEICO's argument that the fees here are likely to reach the higher amounts awarded in the cases above is dissembling. It is doubtful – given the limited amount of recovery at stake, the facts of the case, and counsel's limited work thus far – that attorney's fees could approach more than $30,000. Because any uncertainty should be resolved in favor of remand, GEICO has

8

failed to prove the jurisdictional requirement is satisfied, even when factoring possible attorney's fees.

Based on the forgoing, the Court finds that GEICO has failed to meet its burden in proving the amount in controversy satisfies the jurisdictional minimum, making remand proper.[5]

### B. Fees

Smith asks this Court to award an unspecified amount of attorney fees and costs associated with filing this motion to remand, pursuant to 28 U.S.C. § 1447(c). The decision to award attorney's fees is discretionary. *Miranti v. Lee,* 3 F.3d 925, 929 (5th Cir.1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 126 (2005).

While the Court ultimately found federal jurisdiction lacking, GEICO's removal was not objectively unreasonable. Indeed, some of the confusion over the amount in controversy is of Smith's own doing. Smith named GEICO as a defendant in her state court complaint, and alleged a variety of damages in her

---

[5] Since the motion for remand is granted, the Court need not address whether GEICO's Notice of Removal was deficient – as argued by Smith's counsel. To the extent Smith argues the Notice of Removal violated local rules sufficient to require sanctions, the Court disagrees.

9

answers to interrogatories without specifically making reference to the $25,000 policy cap – making it not unreasonable for GEICO to assume a higher amount in controversy was at issue. (Rec. Doc. 1-2 at 1-12, 19-27). Accordingly, the Court declines to grant Smith's request for fees. GEICO is admonished however that removals in the future where a clear policy limit places the amount in controversy below the federal threshold may result in fees being assessed.

## Conclusion:

Accordingly, and for the reasons articulated above, it is **ORDERED** that Plaintiff's Motion to Remand be **GRANTED;** the request for costs be **DENIED;** and this case be **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 11th day of September, 2014.

_____
                UNITED STATES DISTRICT JUDGE